UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY LOUIS PORTER
 U.S. Marshal No: 54974-018
      Petitioner,

v.                                                    CASE NO.  8:16-cv-1625-T-24TBM
                                                                     8:11-cr-281-T-24TBM

UNITED STATES OF AMERICA,

                                                /

**ORDER**

Petitioner Larry Louis Porter, represented by counsel, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 17, 2016. Petitioner then filed a motion to stay pending *Fritts,* which this Court granted on August 4, 2016. On September 28, 2016, Petitioner acting pro-se filed a motion to lift the stay and proceed pro-se, which the Court granted. On December 5, 2016, the United States filed a response to the § 2255 motion, to which Petitioner filed a reply on December 16, 2016. After due consideration, the Court finds Petitioner's § 2255 motion should be granted.

Petitioner pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On December 21, 2011, the Court sentenced Petitioner under the Armed Career Criminal Act ("ACCA") to a term of imprisonment of 180 months. Petitioner did not file a direct appeal, but he filed a § 2255 motion that the Court denied on March 28,

2013. The Eleventh Circuit Court of Appeal granted Petitioner's application to file a second or successive motion to vacate on June 15, 2016.

Petitioner seeks relief from an unconstitutional sentence under the auspices of 28 U.S.C. § 2255. Petitioner argues that his sentence under the ACCA was imposed in violation of the Constitution and should be vacated. His claim is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016).

At sentencing, the Court found Petitioner was an armed career criminal under 18 U.S.C. § 924(e). A defendant is an armed career criminal subject to an enhanced sentence where the instant offense is a violation of 18 U.S.C. § 922(e) and the defendant has at least three prior convictions of either a violent felony or a serious drug offense. The prior felonies which the Court found qualified Petitioner to be sentenced under the ACCA at sentencing were state of Florida convictions for murder in the second degree and attempted armed robbery with a firearm[1], robbery, and burglary of a structure. The Court did not state at sentencing whether the predicate offenses fell under the elements clause, enumerated crimes clause or the residual clause. In addition, Petitioner did not object to his sentence under the ACCA.

---

[1] Both crimes were committed on the same date—March 17, 1989, and therefore, they are considered one predicate offense.

Petitioner claims that he is not an armed career criminal because his sentence was enhanced based in part on prior convictions for burglary of a structure, second degree murder and robbery, all of which can only qualify as ACCA predicates under the residual clause of the ACCA, which *Johnson* held unconstitutional. Without addressing whether second degree murder and robbery are violent crimes for purposes of the ACCA enhancement, this Court finds that a Florida burglary conviction cannot serve as a predicate offense for the ACCA enhancement. *United States v. Esprit*, 841 F. 3d 1235, 1241 (11th Cir. 2016). Because Petitioner has only two qualifying prior violent felonies without the burglary conviction, he is not an armed career criminal and is entitled to be resentenced.

The United States does not dispute that the court in *Esprit* found that a Florida burglary conviction cannot serve as a predicate offense for the ACCA, but it argues that the decision in *Esprit* should not play a role in this Court's determination, because Petitioner has not met his burden of proving that he was sentenced under the ACCA's residual clause. The United States points out that the PSR does not identify how or why Petitioner's convictions qualify under the ACCA; that neither the parties nor the Court addressed the matter at sentencing; and the Court simply adopted without objection the PSR's findings regarding the ACCA.

The United States' argument is based on dicta in *In re Moore*, 830 F. 3d 1268, 1271–73 (11th Cir. 2016), in which the Eleventh Circuit stated the district court must decide whether or not the petitioner was sentenced under the residual clause and only then

should the district court consider the merits of the motion. "In other words, the district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief, and in this context the movant cannot meet that burden unless he proves that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence. If the district court cannot determine whether the residual clause was used in sentencing and affected the final sentence—if the court cannot tell one way or the other—the district court must deny the § 2255 motion." *Id*. at 1273.

Under the reasoning of the Eleventh Circuit in the case of *In re Moore*, this Court would be constrained to deny Petitioner's § 2255 motion, even in the face of binding precedent, because at sentencing neither the Court, the PSR, or the parties discussed whether any of the Petitioner's ACCA predicate offenses fell under the elements clause, the enumerated crimes clause or the residual clause. Nor did anyone—the Court, the probation officer, or counsel—have any idea at that time that they should do so. This seems an impossible and unfair burden to require of Petitioner and this Court prefers to follow the dicta in the case of *In re Chance*, 831 F. 3d 1335 (11th Cir. 2016), where a different panel of the Eleventh Circuit addressing whether or not to grant the authorization to file a second or successive § 2255 motion in a § 924(c) case stated "we believe the required showing is simply that § 924(c) may no longer authorize his sentence as that statute stands after *Johnson*—not proof of what the judge said or though at a decades-old sentencing. No matter what the judge said, it is precedent from the Supreme

Court and this Court that dictates which offenses meet § 924(c)'s definitions." *Id.* at 1341. This Court does not agree with the United States' argument that Petitioner's § 2255 motion should be denied because Petitioner has not and cannot show that at the time of sentencing he was sentenced using the residual clause. Rather this Court prefers to follow the binding precedent of *Esprit* in which the Eleventh Circuit found that a Florida burglary conviction cannot qualify as a predicate offense for the ACCA enhancement.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 50) is **GRANTED**.

(2) The Probation Office shall prepare an amended Presentence Investigation Report and circulate it on or before April 12, 2017.

(3) Resentencing in the criminal case is set for May 11, 2017.

(4) Counsel will be appointed to represent Petitioner at sentencing by separate order.

**DONE AND ORDERED** at Tampa, Florida, on February 23, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:  Counsel of Record
            Larry Louis Porter, pro-se
            United States Probation Office